CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 23 2010

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ANGELA VANBUREN,<br>　　Plaintiff, | )<br>)　Civil Action No. 7:10CV00132<br>) |
| v. | )　**MEMORANDUM OPINION**<br>) |
| VIRGINIA HIGHLANDS<br>ORTHOPAEDIC SPINE CENTER, LLC, | )<br>)<br>) |
| and | ) |
| STEPHEN A. GRUBB, M.D.,<br>　　Defendants. | )　By: Hon. James C. Turk<br>)　　　Senior United States District<br>)　　　Judge |

This matter is presently before the court on Plaintiff's Motion for Entry of Judgment under Federal Rule of Civil Procedure 54(b) (Dkt. No. 23) as to Dr. Stephen A. Grubb. The Plaintiff filed a memorandum in support of her motion (Dkt. No. 25), the Defendants filed a memorandum in opposition to the motion (Dkt no. 27) and Plaintiff replied (Dkt. No. 28). The Court heard oral argument on Plaintiff's motion on September 14, 2010. For the following reasons, Plaintiff's Motion for the Entry of Judgment under Rule 54(b) is **GRANTED**.

I. Procedural and Factual History

Angela VanBuren (VanBuren) sued both Dr. Stephen A. Grubb (Grubb) and Virginia Highlands Orthopaedic Spine Center, LLC (Virginia Highlands) for sexual harassment and wrongful termination in a two-count complaint on March 25, 2010. Dr.

Grubb was Virginia Highland's owner and medical director. Am. Compl. 3 (Dkt No. 2). Count one of the Plaintiff's complaint asserts a claim against Virginia Highlands and Dr. Grubb for gender discrimination under Title VII of the Civil Rights Act of 1964. Count two asserts claims against Dr. Grubb and Virginia Highlands for wrongful termination under Virginia common law.

Virginia Highlands answered, and both defendants moved to dismiss in part. They sought dismissal of Count one with respect to Dr. Grubb and Count two with respect to both defendants. After briefing and oral argument, the Court granted the defendants' motion to dismiss in part and denied it in part. It held that VanBuren had sufficiently stated both claims against Virginia Highlands to be allowed to proceed. The Court also held that VanBuren failed to state a claim against Dr. Grubb under Title VII or for wrongful termination under Virginia common law. The Court concluded that in Virginia only the employer can be sued for wrongful discharge. Memorandum Opinion, July 28, 2010 (Dkt. No. 19). Therefore, the Court granted Defendants' motion to dismiss Dr. Grubb as a party to this action. Order, July 28, 2010 (Dkt. No. 20). Plaintiff now files a Motion for Entry of Judgment as to Dr. Grubb under Federal Rule of Civil Procedure 54(b).

## II. Standard for Entering Judgment under Rule 54(b)

Rule 54(b) states:

When an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final

> judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

Fed. R. Civ. P. 54. This rule requires the Court to conduct a two-step analysis. First, the Court must determine whether the judgment is final. Braswell Shipyards, Inc. v. Beazer E., Inc., 2 F.3d 1331, 1335 (4th Cir. 1993). The judgment must be "final" in the sense that it is "an ultimate disposition of an individual claim entered in the course of a multiple claims action." Curtiss-Wright Corp. v. Gen Elec. Co., 446 U.S. 1, 7 (1980).

Second, the Court must determine whether there is "no just reason for delay in the entry of judgment." Braswell, 2 F.3d at 1335. Courts must make this consideration "to assure that the application of [Rule 54] effectively preserves the federal policy against piecemeal appeals." Curtiss Wright, 446 at 8. When making this determination, courts should consider, if applicable, such factors as:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

MCI Constructors, LLC v. City of Greensboro, No. 09-1600, No. 1606, 2010 U.S. App. Lexis 13495, at *11 (4th Cir. July 1, 2010) (quoting Braswell, 2 F.3d at

1335–36). None of these factors alone is dispositive, and even if some are not favorable to certification, they might "be offset by a finding that an appellate resolution of the certified claims would facilitate a settlement of the remainder of the claims." Curtiss-Wright Corp., 446 U.S. at 8 n.2. Furthermore, "a district court must take into account two broad sets of considerations--the parties' interest in swift resolution of their disputes, and the 'juridical concerns' of preserving judicial resources and guarding against the unnecessary resolution of issues." Fox v. Baltimore City Police Dep't, 201 F.3d 526, 531 (4th Cir. 2000).

III. Standard for Entering Judgment under Rule 54(b) Applied to the Court's Dismissal of Dr. Grubb

    A. The Court's Order is a Final Judgment

    The Court's July 28 Order is final with respect to Dr. Grubb. The Order dismisses all claims against Dr. Grubb and dismisses him from the action. Therefore, it is the ultimate disposition of the individual claim asserted against him.

    B. There is no Just Reason for Delay

    First, the relationship between the adjudicated claims and unadjudicated claims is very close. The wrongful discharge claims against Virginia Highlands and Dr. Grubb arise from the same facts. It would be ideal for the claims to be appealed together. However, if this Court's decision in regard to Dr. Grubb is overruled and the plaintiff is allowed to proceed with her claim against him, it would be most efficient to try both claims in a single action. If the appellate court determines Plaintiff may proceed against Dr. Grubb for wrongful termination, it is likely she would institute an action against him

even if her action against Virginia Highlands is at or near its conclusion.[1] The parties and this Court would potentially have to be involved in repetitious discovery, pre-trial motions, and a trial, in order to litigate the same claim against Dr. Grubb that the Plaintiff previously litigated against Virginia Highlands. Furthermore, resolving whether the Plaintiff can sue Dr. Grubb may facilitate settlement between the parties. Virginia Highlands is unlikely to seriously consider settlement while its owner, Dr. Grubb, is not a party to the suit and is uncertain in how that settlement may or may not affect him personally. This weighs in favor of certification. See Curtiss-Wright Corp., 446 U.S. at 8 n.2.

Second, it is unlikely that the need to review the Court's decision to dismiss Dr. Grubb will be mooted by further developments in this Court. As long as Plaintiff has a claim against Virginia Highlands, she would have a claim against Dr. Grubb if Virginia common law allows one, because Dr. Grubb is the sole individual through which Virginia Highlands allegedly tortuously acted.

Third, there is no chance that the reviewing court will have to consider the same issue a second time. Whether Virginia common law allows Dr. Grubb to be sued in this case is purely a question of law, so there are no circumstances which would necessitate the reviewing court considering the question a second time.

---

[1] Virginia Highlands is a limited liability company owned by Dr. Grubb. He no longer works for Virginia Highlands, making it a shell corporation with no income. It is possible that Dr. Grubb could distribute Virginia Highland's assets to limit his company's liability, and therefore his liability, or simply because Virginia Highlands is no longer an operational business and has no reason to hold such assets. Therefore, a judgment against Virginia Highlands could be worthless to the Plaintiff, making her likely to appeal this Court's dismissal of Dr. Grubb even if she wins a judgment against Virginia Highlands at trial.

Fourth, there is no counterclaim pending which could result in a set off to the judgment dismissing Dr. Grubb.

Finally, miscellaneous factors do not militate against certification of judgment under Rule 54(b). Although discovery and litigation proceedings may be stayed during a pending appeal, resolution of the matter will obviate the chance of duplicitous discovery and litigation in the future. Furthermore, none of the competing claims are frivolous. Although this Court has determined that Virginia would not allow a common law wrongful discharge claim against a supervisor, Memorandum Opinion, July, 2010 (Dkt. No. 19), another district court in Virginia has reached a contrary conclusion. See McFarland v. Virginia Retirement Services of Chesterfield, L.L.C., 477 F.Supp.2d 727 (E.D. Va. 2007).

IV. Conclusion

In conclusion, the Court finds that its July 28, 2010, Order dismissing Dr. Grubb as a defendant (Dkt. No. 20) is final, and there is no just reason for delay under Rule 54(b). Accordingly, Plaintiff's Motion for Certification under Federal Rule of Civil Procedure 54(b) is **GRANTED.**

An appropriate order shall issue this day. The Clerk of Court is directed to send a copy of this Memorandum Opinion and accompanying Order to counsel of record for the Plaintiff and the Defendants.

ENTER: This 23rd day of September, 2010.

/s/ James C. Turk
Senior United States District Judge